**HARKINS AMUSEMENT ENTERPRISES, INC., and Daniel E. Harkins, individually and doing business as Tower Plaza Cinemas I and II, Plaintiff,**

v.

**GENERAL CINEMA CORPORATION, et al., Defendants.**

**No. CIV 77–736 PHX CLH.**

United States District Court, D. Arizona.

May 25, 1990.

ORDER

HARDY, District Judge.

The Court of Appeals having denied the Court's Request for Clarification on the grounds that it did not have jurisdiction, the previous denial of the distributors' motion of January 29, 1990, to amend this Court's order of December 19, 1989, to certify questions pursuant to 28 U.S.C. § 1292(b) is reconsidered and is now GRANTED.

The Court is of the opinion that the December 19, 1989, order involves controlling questions of law as to which there are substantial grounds for differences of opinion and that an immediate appeal from the order may materially advance the ultimate termination of this litigation.

The questions certified are as follows:

1. In its opinion reported at 850 F.2d 477 (9th Cir.1988), the Court of Appeals stated:

"We emphasize that our reversal of this claim is limited to the alleged horizontal combination by the exhibitors and the vertical agreement between split members and *individual* distributors. No evidence of a conspiracy *between* any distributors was presented, and Harkins may not pursue this theory on remand."

---

(emphasis by the court) 850 F.2d at p. 485.

Does the above-quoted language mean that if any distributor were found to have conspired with the exhibitors to exclude Harkins from the market, that distributor would be liable only for damages flowing from that specific vertical conspiracy? Or does it mean that while Harkins may not attempt to prove that the distributors directly conspired with each other, nonetheless if Harkins proves that two or more of the distributors conspired with the exhibitors, each of those distributors would be jointly and severally liable for all damages flowing from the conspiracy alleged in Count I of the Amended Complaint?

2. Is an antitrust plaintiff who alleges that he has been excluded from the relevant market because of a conspiracy by the defendants required to make a demand before he can claim antitrust damages if the demand would be futile?